IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL R. DIEMER,

    **Plaintiff,**

                            Civil Action 2:12-cv-610
    v.                        JUDGE GREGORY L. FROST
                            Magistrate Judge Norah McCann King

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

    **Defendant.**

## ORDER

Plaintiff, Michael R. Diemer, brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for social security disability insurance benefits and supplemental security income.  This matter is before the Court for consideration of Diemer's Objections (ECF No. 13) to the Magistrate Judge's June 19, 2013 Report and Recommendation (ECF No. 12), the Commissioner's response to Diemer's objections (ECF No. 15), and Diemer's reply to the Commissioner's response (ECF No. 16.)  The Magistrate Judge recommended that the Court affirm the decision of the Commissioner and dismiss this case.  For the reasons stated below, the Court **OVERRULES** Diemer's Objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **DISMISSES** this case.

### I. Background

Neither party objects to the Magistrate Judge's summary of the facts as set forth in her Report and Recommendation.  (ECF No. 12, at Page ID # 484-91.)  The Court consequently

1

adopts the fact summary and repeats only those facts relevant to the resolution of Diemer's Objections.

Plaintiff, Michael R. Diemer, filed his current application for disability insurance benefits on January 29, 2009, and his current application for supplemental security income on February 2, 2009.  Diemer alleges that he has been disabled since November 19, 1985, mostly on the basis of mental impairments.  After an administrative hearing, the administrative law judge concluded that Diemer was not disabled from December 30, 2004, through the date of decision.  The decision became final on May 14, 2012, when the Appeals Council declined review.

The record contains an extensive medical history including treatment, examinations, and/or review and opinions by Dennis A. Marikis, Ph. D., John S. Reece, Psy. D., Karla Voyten, Ph. D., Tonnie Hoyle, Psy. D., Scott Allen Gatton, M. Div., LSW., Carol Crane, QMHS, Suseela Nalluri, M.D., Jessica Wade, M.A., and Claire Robitaille, Ph. D.  The relevant assessments of Diemer by these individuals all occurred between January 2009 and November 2010.  In his objections, Diemer objects to the treatment of evidence provided by Dr. Nalluri, Drs. Voyten and Hoyle, and Dr. Marikis.

Dr. Nalluri saw Diemer for treatment purposes on two occasions, August 1 and 4, 2010.  During this time, Dr. Nalluri found that Diemer's thought process was logical, that his mood was euphoric, that he was non-aggressive and had a full affect, that his behavior was impulsive and hyperactive, and that he demonstrated poor judgment.  On October 30, 2010, Dr. Nalluri filled out a mental RFC questionnaire on Diemer's behalf.  Dr. Nalluri opined that Diemer had marked limitations in 16 of 16 areas of social interaction, sustained concentration and persistence, and adaptation.  Further, Dr. Nalluri stated that Diemer's condition would likely deteriorate if he were under stress, that Diemer could not manage his own funds, and that he would likely have

marked limitations in social interaction even where only minimal contact or interaction with others is required.

Drs. Voyten and Hoyle provided non-examining source opinions. Dr. Voyten reviewed Diemer's medical record in May 2009 on behalf of a state agency and completed a Psychiatric Review Technique form. Dr. Voyten opined that Diemer had a mild limitation in maintaining social functioning and concentration, persistence, or pace, and no limitation in his daily living activities. Dr. Hoyle reviewed the medical record in July 2009 and affirmed Dr. Voyten's conclusions.

Dr. Marikis evaluated Diemer on February 17, 2009, for purposes of determining Medicaid eligibility and offered an extensive evaluation of Diemer at that time. Dr. Marikis's findings are set out fully in the Report and Recommendation. The only statement of opinion made by Dr. Marikis that is relevant to the objections before the Court is that Diemer "does not have the social capacity and interpersonal ability to manage the world of work. However, there very well may be aspects in which he could be affectively trained in the future to do." (ECF No. 12, at Page ID # 486.)

Based on the evidence, the administrative law judge concluded that Diemer had severe impairments consisting of attention deficit hyperactivity disorder, Asperger's syndrome, borderline personality disorder with antisocial features, bipolar I mania, chronic dysthmic disorder also diagnosed as depression, and obsessive compulsive disorder. The administrative law judge concluded, however, that Diemer was not disabled within the meaning of the Social Security Act.

## II. Standard Involved

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").  Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.' "  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted).  Even if supported by substantial evidence, however, " 'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.' "  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III. Discussion

As an initial matter, this Court rejects Diemer's reply to the Commissioner's response. (ECF No. 16.) Diemer did not seek leave to file a reply, and there is no allowance for a reply in either the Federal Rules of Civil Procedure or the Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections . . . [a] party may respond to another party's objections within 14 days after being served with a copy."); ECF No. 12, at Page ID # 503. Because Diemer did not ask for leave to file a reply in this case, the Court will not consider the filing or any arguments contained therein. (ECF No. 16.)

Diemer raises objections to both the conclusions of the administrative law judge and the Magistrate Judge in regards to the weighing and interpretation of evidence presented by Drs. Nalluri, Voyten, Hoyle, and Marikis. First, Diemer objects to the administrative law judge's failure to apply greater weight to Dr. Nalluri's opinion because the doctor is a treating source, and Diemer argues that the Magistrate Judge impermissibly substituted a basis for decision that the administrative law judge did not rely on in making his decision on the weight to give Dr. Nalluri's opinion. Second, Diemer objects to the Magistrate Judge's conclusion that the administrative law judge properly explained how much weight he accorded to the opinions of Drs. Voyten and Hoyle. Finally, Diemer objects on the grounds that the Magistrate Judge and the administrative law judge both failed to accord proper weight to Dr. Marikis's vocational conclusion about Diemer's ability to work.

This Court finds Diemer's objection that the Magistrate Judge "substituted a basis for decision upon which the [administrative law judge] did not rely," (ECF No. 13, at Page ID # 507), to be without merit. This Court agrees with the Magistrate Judge's conclusion that Dr.

Nalluri was not a treating source. Under Sixth Circuit case law, a doctor is generally not a treating physician after only two examinations. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 506-07 (6th Cir. 2006) (internal citations omitted) ("[A] plethora of decisions unanimously hold that a single visit does not constitute an ongoing treatment relationship . . . [i]ndeed, depending on the circumstances and the nature of the alleged condition, two or three visits often will not suffice for an ongoing treatment relationship."). Under these circumstances, two visits within four days was not adequate to give Dr. Nalluri a "longitudinal" picture of Diemer's mental health or to develop "an ongoing treatment relationship." Because no treatment relationship existed, Dr. Nalluri's reports are not entitled to the increased deference and required statement of findings on the weight such opinions should garner that is afford to the opinions of a treating source. 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6).

Diemer's second and third objections to the treatment of the opinions of Drs. Voyten, Hoyle, and Marikis are not objections to the Report and Recommendation, but are more properly characterized as objections to the findings of the administrative law judge. The objections, indeed, resemble the issues raised by Diemer in his Statement of Specific Errors. (ECF No. 9, at Page ID # 453-57.) This Court concludes that these are not new objections and agrees with the Magistrate Judge's thorough analysis on these points. (ECF No. 12, at Page ID # 496-502.)

## IV. Conclusion

For the reasons stated above, this Court **OVERRULES** Diemer's Objections (ECF No. 13), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 12), and **DISMISSES** this case.  The Clerk shall enter judgment accordingly and terminate this action on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE